UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARIE KLEIFGEN,

                Plaintiff,                        MEMORANDUM
                                                                 OPINION AND ORDER

      -against-                                     CV 10-3059 (SJF) (ETB)

MARGARET PERNO,

                Defendant.
-----------------------------------------------------------------------X

      Before the Court is an application by the defendant, Margaret Perno, for leave to implead a third party, Salvatore Guili, III, as a defendant in this action.

      The underlying action is based on diversity jurisdiction and arises out of a two-car automobile accident in Suffolk County on March 26, 2010. The plaintiff was a passenger in an automobile that collided with the vehicle driven by the defendant, Perno. The third-party defendant is the operator of the vehicle in which the plaintiff was a passenger and is alleged to be responsible, in whole or in part, for the ensuing injury to the plaintiff. Jurisdiction over the third-party action is based on 28 U.S.C. § 1367 (otherwise referred to as supplemental jurisdiction), which provides for subject matter jurisdiction over a third-party claim where the facts relating to the third-party claim based on state law are part of the same case or controversy as the underlying dispute for purposes of Article III. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966).

      The only disputed issue in this action is that the impleader action was not asserted within fourteen days of Perno's Answer. Instead, there is a two and one-half month hiatus between the

application and Perno's Answer.  Plaintiff objects, claiming that the facts that serve as the basis for the third-party action "appear to have been known to defendant all along." (Pl. Mem. of Law 1.)  Accordingly, plaintiff contends that "without a reasonable excuse for delay, the motion ought to be denied." (Id. (citing Goodman v. Neff, 351 F. Supp. 562, 565 (E.D. Pa. 1966).)

Perno asserts that although there is a two and one-half month delay here, it is not excessive and there is no prejudice to any party since issue was recently joined in this action in early September and no depositions have yet occurred.  Accordingly, since the third-party complaint arises out of the same automobile collision alleged in the underlying action, Perno argues that this is the most productive and efficient manner in which to proceed.  (Def. Reply Mem. of Law 1-2.)

I agree with Perno.  It is true that undue delay is a factor that the court will consider in exercising discretion over an application brought pursuant to Rule 14 of the Federal Rules of Civil Procedure.  Here, however, I do not believe that there is any undue delay sufficient to warrant the denial of this application.  Rule 14 discretion should be exercised freely - to promote efficiency and consistency - and, in the absence of any showing of prejudice, should generally be granted.  See, e.g., Shafarman v. Ryder Truck Rental, Inc., 100 F.R.D. 454, 458-59 (S.D.N.Y. 1984) (stating that in the absence of prejudice, a motion for leave to implead pursuant to Rule 14 should be deemed timely and granted); see also 3 James Wm. Moore et al., Moore's Federal Practice § 14.21[3] (3d ed. 2010).

The case relied on by plaintiff is not controlling or persuasive here.  The delay there exceeded a local civil rule requiring leave for a third-party action to be sought within six months of the original Answer.  See Goodman, 351 F. Supp. at 564.  There is no equivalent local rule in

the Eastern District of New York.  The local rule, as interpreted by the court in Goodman, considered the burden of persuasion to shift to the party seeking to make the motion outside of the six-month deadline.  See id.  There is no such shifting here and, therefore, the burden of establishing prejudice rests with the plaintiff, who does not claim to be prejudiced in any way.

For the foregoing reasons, I conclude that it is in the interest of judicial economy and consistency that all claims arising from the underlying incident be resolved in a single action. Accordingly, Perno's motion for leave to file a third-party action is granted.

**SO ORDERED:**

Dated:  Central Islip, New York
           December 10, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge